IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHASTA HOWELL and
SHANE MALLY,

        Plaintiffs,

v.

JUDGE ALAN BATES and
JODI TIMMERMAN,

        Defendants.

OPINION and ORDER

Case No. 20-cv-437-wmc

---

*Pro se* plaintiffs Shasta Howell and Shane Mally have filed this lawsuit invoking this court's diversity jurisdiction, 28 U.S.C. § 1332. Plaintiffs claim that during the course of a May 8, 2018, proceeding in Rock County Family Court related to the termination of plaintiff Howell's parental rights to her son, defendants Judge Alan Bates and Jodi Timmerman (an attorney who served as a court commissioner in the proceedings), made defamatory statements about them. For the reasons that follow briefly, the court is dismissing this lawsuit for lack of subject matter jurisdiction.

OPINION

This is the *seventh* lawsuit that plaintiff Howell or one of her associates has pursued in this court related to Rock County court proceeding surrounding Howell's parental rights, all of which have been dismissed for lack of subject matter jurisdiction. *Howell v. Wisconsin Dep't of Children and Family*, No. 19-cv-732-wmc (W.D. Wis. Sept. 15, 2020); *Howell v. Rock Cty.*, No. 19-cv-733 (W.D. Wis. Sept. 15, 2020); *Howell v. Bates*, No. 19-cv-754-wmc (W.D. Wis. Sept. 15, 2020); *Mally v. Bates*, No. 19-cv-755-wmc (W.D. Wis. Sept. 15,

2020); *In re N.M.H*, No. 19-cv-415-wmc (W.D. Wis.) and *Howell v. State of Wisconsin*, No. 19-cv-468-wmc (W.D. Wis.), *aff'd with modification in Howell v. Dewey*, 817 F. App'x 268, 270 (7th Cir. Aug. 19, 2020). In plaintiff's complaint, they add no new facts or defendants, contending only that "defendants allowed fraud upon the court by allowing false information with no facts to rely on"; that Bates called plaintiff Mally a "coward"; and that "defendants slandered both plaintiffs." These allegations duplicate those from plaintiffs' prior lawsuits, the only difference being that plaintiffs are seeking monetary damages for slander, defamation of character and the emotional distress they suffered; they do not seek to disturb the rulings in the Rock County Circuit Court. Nonetheless, the court still does not have the authority to address these claims.

Unlike state courts, which have subject matter jurisdiction over a broad assortment of causes and claims, the jurisdiction of federal courts is limited only to "cases or controversies" that are "authorized by Article III of the [United States] Constitution and the statutes enacted by Congress pursuant thereto." *Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). In other words, "[a] federal court is the wrong forum when there is no case or controversy, or when Congress has not authorized it to resolve a particular kind of dispute." *Morrison v. YTB Intern., Inc.*, 649 F.3d 533, 536 (7th Cir. 2011) (explaining that "subject-matter jurisdiction is a synonym for adjudicatory competence"). Here, plaintiffs seek to proceed under 28 U.S.C. § 1332, which allows this court to address claims in which a citizen of one state alleges a violation of his or her rights established under state law by a citizen of another state, where the amount in controversy exceeds $75,000. Yet plaintiffs,

2

who are citizens of Wisconsin, explicitly allege that both defendants are *also* citizens of Wisconsin.  (Compl. (dkt. #1) 3.)  As such, the proposed claims in this lawsuit do not satisfy the diversity of citizenship requirement of § 1332.  Accordingly, the court is dismissing this case as well, for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that this lawsuit is DISMISSED without prejudice for lack of subject matter jurisdiction.

Entered this 15th day of March, 2021.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge